In re Melanie KHAN, Debtor.

George Michael, individually and as independent representative of the Estate of Philip Khan, deceased; and Susan Michael, Plaintiffs,

v.

Melanie Khan, Defendant.

Nos. 03 B 14469, 03 A 3947.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Feb. 11, 2005.

Philip L. Mandell, Sigi M. Offenbach, Pitler & Mandell, Chicago, IL, for Debtor Melanie Khan.

Gary E. Dienstag, Springer, Casey & Dienstag, Chicago, IL, for George Michael and Susan Michael.

### MEMORANDUM OPINION AND ORDER IMPOSING SANCTIONS ON DEBTOR

A. BENJAMIN GOLDGAR, Bankruptcy Judge.

This matter is before the court on its own motion to enforce the provisions of its final pretrial order in an adversary proceeding against debtor Melanie Khan.

The adversary proceeding is currently set for trial on February 16, 2005. On December 8, 2004, when the trial date was set, the court entered a final pretrial or-

der. The final pretrial order required the parties on or before January 26, 2005, to exchange and file with the court a list of witnesses to be called, a list of exhibits to be introduced into evidence, and a marked set of the exhibits themselves. It also required the parties to file on or before February 9, 2005, a trial brief detailing what they believed the evidence would show, identifying the legal issues, and providing a thorough and complete argument with citations to legal authority supporting their contentions on the merits.

The final pretrial order made clear that sanctions *"will* follow" (not "might" follow or "could" follow) from a failure to comply with the order's requirements, and it described some of those sanctions. It said:

> a. Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence.
>
> b. Any witness not identified and listed in accordance with this Order will be barred from testifying at trial. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses....
>
> d. Failure to file a trial brief will bar a party from presenting any witnesses or introducing any evidence at trial.

(Final Pretrial Order dated December 8, 2004).

In compliance with the final pretrial order, plaintiffs George Michael and Susan Michael duly filed and served their exhibit and witness lists and their exhibits on January 26. They also filed their trial brief on February 9. Defendant Khan, on the other hand, did nothing. As of today, more than two weeks after the January 26 deadline, Khan still has filed no list of witnesses, no list of exhibits, and no exhibits. She has not filed a trial brief, either. Nor has Khan ever sought additional time to file these materials. It appears instead that Khan has chosen simply to ignore these critical parts of the final pretrial order (although for some reason she did sign the joint stipulation of facts the order requires).

■ This will not do. The court relies on the final pretrial order and the materials filed pursuant to it to be properly prepared for trial. More important, parties depend on the final pretrial order for their own trial preparation. They expect to know in advance the witnesses they will hear and the exhibits they will see. They expect to know, as well, the nature of the opposing legal theory and what authority (if any) supports that theory. And rightly so. Compliance with the pretrial order prevents the proverbial "trial by ambush" that the Federal Rules of Civil Procedure are designed in part to prevent. *See Erskine v. Consolidated Rail Corp.,* 814 F.2d 266, 272 (6th Cir.1987).

■ Because a pretrial order is a critical tool for "narrowing the issues and expediting the trial," *In re Maurice,* 21 F.3d 767, 773 (7th Cir.1994), failure to comply with the court's final pretrial order is sanctionable under Rule 16(f). *See* Fed. R.Civ.P. 16(f) (made applicable by Fed. R. Bankr.P. 7016). Federal trial courts have broad (though not limitless) discretion in choosing a suitable sanction for a party's violation of a pretrial order. *Hatton v. Spencer (In re Hatton),* 204 B.R. 477, 486 (E.D.Va.1997); *Schilling v. O'Bryan,* 246 B.R. 271, 278 (Bankr.W.D.Ky.1999).

■ One available sanction is an order barring the offending party from offering evidence at trial. Rule 16(f) incorporates Rule 37(b)(2)(B), which permits an order "refusing to allow the disobedient party to

support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(B). In *Maurice,* the court of appeals for this circuit approved just such a sanction, stating: "When one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction." *Maurice,* 21 F.3d at 773; *see also Schechter v. McAniff (In re McAniff),* 2004 WL 1630493, at *1 (Bankr. N.D.Ill. July 21, 2004) (imposing this sanction); *Hartwick v. Craig (In re Craig),* 2004 WL 1490427, at *2 (Bankr.N.D.Ill. June 29, 2004) (same); *People ex rel. Ryan v. Monahan (In re Monahan),* 2000 WL 527753, at *3–4 (Bankr.N.D.Ill. May 1, 2000) (same).

■ An order of this kind against Khan is entirely appropriate here. The final pretrial order made quite clear that the parties "must exchange and file" exhibits, "must exchange and file" a list of the exhibits, and "must exchange and file" a list of witnesses, all by January 26. It made clear that the parties "must file and serve a trial brief" by February 9. There was no ambiguity whatever about the order. Yet despite its unambiguous requirements, Khan did not file what she had to file. As a consequence, neither the court nor the plaintiffs has the slightest idea what is coming at trial.

If it was Khan's plan to lie in wait and then pounce on her unsuspecting opponents at trial next week, that plan must— and will—be foiled.

Accordingly, IT IS HEREBY ORDERED:

Debtor Melanie Khan is barred from calling any witnesses and introducing any exhibits at the trial in this matter set for February 16, 2005. The debtor's participation at trial is limited to cross-examination and argument. *See Smith v. Chicago School Reform Bd. of Trustees,* 165 F.3d 1142, 1145 (7th Cir.1999).